## SAVAGE MANUFACTURING COMPANY *vs.* ALVIN ARMSTRONG.

Private corporations existing by the laws of other States have power to sue in their corporate name in this State, but their existence must be proved by satisfactory evidence, like any other material facts.

If the defendant in an action brought in the name of a corporation would deny its existence, he must do it by plea in abatement, as pleading to the merits admits the competency of the plaintiffs to sue in the name assumed.

Where the plaintiff in an action, declaring both on a special agreement to construct and furnish certain machines, and on an account annexed charging the labor and materials, in proving his case, shows that the machines were not completed at the time fixed in the special agreement, and also introduces testimony *tending to prove* that the defendant had waived performance at the time; whether there was or was not such waiver is for the decision of the jury, and the presiding Judge cannot order a nonsuit, even if the Court should be of opinion that the evidence of waiver would not warrant a verdict.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Savage Manufacturing Company *v.* Armstrong.

Assumpsit on a written agreement to make and furnish threshing machines for the defendant. There were also counts for machines sold and delivered, for labor and materials, and for money paid, and had and received. The plaintiffs offered in evidence the agreement, and certain evidence tending to prove the making of the machines, and the waiver by the defendant of performance at the time, and among the rest a letter of the defendant. Upon that testimony the plaintiffs contended, that they had made out their case, and were entitled to go to the jury, and that it was a question of fact for the jury, whether there had not been a waiver of the conditions of the original agreement on the part of the defendant, and that it was for the jury to settle whether damages had been sustained. The Judge ruled otherwise, and ordered a nonsuit. The plaintiffs filed exceptions.

*W. P. Fessenden* argued for the plaintiffs, and contended, that the question, whether the plaintiffs were a corporation, was not before the Court, as no such objection was made at the trial, and that it could be taken only in abatement ; that in this respect there was no difference between a foreign corporation and one within the State ; that the Court had no right to determine the credibility of testimony, this being entirely the province of the jury ; that if there be any evidence of waiver for the jury to weigh, the case should be submitted to the jury ; and that it was very doubtful whether the Court can order a nonsuit in any case without the consent of the plaintiff. 1 *Bibb,* 379 ; 2 *Bibb,* 207, 429, 464 ; 3 *Com. Dig.* 117 ; 6 *Petersd.* 241 ; 15 *Wend.* 586 ; 1 *Bay,* 235 ; *Brinley* v. *Tebbetts,* 7 *Greenl.* 70.

*Codman,* for the defendant. The plaintiffs did not prove themselves to be a corporation, and could not maintain the action. 10 *Mass. R.* 92 ; 5 *Mass. R.* 547 ; 3 *Mass. R.* 276 ; 12 *Mass. R.* 400. The Court has an undoubted right to order a nonsuit, where the evidence is not sufficient to support the action. *Perley* v. *Little,* 3 *Greenl.* 276 ; *Sanford* v. *Emery,* 2 *Greenl.* 5. The evidence, if any, contained in the letter was for the determination of the Court, and not the jury. If a verdict had been rendered upon this evidence, the Court would not have sustained it, but would have set it aside.

The opinion of the Court was by

EMERY J. — Had the writ in this case contained a claim only upon the written contract or memorandum of agreement, we should have found ourselves probably obliged to overrule the exceptions at once. But the declaration includes a count upon that agreement, general counts for money laid out and expended, a count for labor and materials furnished, and another on an account annexed to the writ.

It is insisted by the counsel for the defendant, that the plaintiffs do not show themselves a corporation, and that if the Court are satisfied, that if the verdict had been rendered for the plaintiff, it would be set aside, then this nonsuit is properly directed. The real question is, whether upon the testimony exhibited, the plaintiffs had made out a *prima facie* case, and were entitled to go to the jury, and whether there had been a waiver of the conditions of the original agreement on the part of the defendant. For it must be admitted, that if the case were suffered to be delivered to the charge of the jury, it must be for them to settle whether damages had been sustained. It is true, that as to private corporations which exist by the laws of any other State, these are to be proved, and satisfactory evidence will be required as of any other fact material in an issue to the country ; but their powers to sue here are not restricted. *Portsmouth Livery Co.* v. *Watson & al.* 10 *Mass. R.* 92. But to prevent unnecessary delay and unreasonable embarrassment, certain rules have been established as to the mode in which, such evidence shall be brought into requisition, and the time in which it shall be expected to be called for. In 3 *Pick.* 232, in the case *First Parish in Sutton* v. *Cole*, at page 245, it is said by Chief Justice *Parker*, " it seems to be a well settled principle, that when a suit is brought in the name of a corporation, if it is intended to deny the existence of the corporation, this should be brought in question by a plea in abatement, and that pleading over to the merits admits the capacity of the plaintiffs in the character they have assumed to act under."

In this Court, in the case of the *Trustees of the Ministerial & School Fund in Dutton* v. *Kendrick*, 3 *Fairf.* 381, that case is cited with approbation, and is recognized to be the law and practice of this State. Though it seems it has been differently held in

*New-York.* It is true that it has been said, that a plea that there is no such corporation in existence as the plaintiffs is in bar. *The Mayor & Aldermen of Carlisle* v. *Blamire & Tyson,* 8 *East,* 487; *Doe* v. *Miller,* 1 *Barn. & Ald.* 699; *Mayor & Burgesses of Stafford* v. *Bolton,* 1 *Bos. & Pul.* 40. *Buller* said, "if the variance can be pleaded in abatement it cannot in bar. To make it pleadable in bar, it must appear that there is no such corporation. The Year Books are decisive. *Rooke J.* observed, "I think we ought not to be more strict than they were in the days of the Year Books." In 4 *Peters,* 480, *The Society for the propagation of the Gospel in Foreign parts* v. *The Town of Pawlet & al., Justice Story* says, "if the defendants meant to have insisted upon the want of a corporate capacity in the plaintiffs to sue, it should have been insisted upon by a special plea in abatement or bar. The general issue admits not only the competency of the plaintiffs to sue, but to sue in the particular action which they bring." See also 1 *Peters,* 386, 450, *Conard* v. *The Atlantic Insurance Co.*

In this case, nothing but the general issue is pleaded. And no brief statement is made that this objection would be insisted on in bar, even if it could be done, after the case above cited, against *Kendrick,* from 3 *Fairf.* 381, has so distinctly stated the law to be different here. We do not propose to discuss the question at present whether there be no pretence that a verdict could have been for the plaintiff further than to say, that at least in our judgment, the case should have been consigned to the consideration of the jury to decide, whether there was in fact a waiver of the original conditions of the agreement on the part of the defendant. And we are not prepared to say that the letter of the 24th of *Oct.* 1833, had no tendency to shew such a waiver. We think it legally admissible. Its effect must be determined by a jury. The exceptions are therefore sustained, the nonsuit set aside, and a trial granted.